# Richmond.

WATERTOWN FIRE INSURANCE COMPANY V. CHERRY.

NOVEMBER 17th, 1887.

1. INSURANCE—*Rules of Construction.*—Such contracts must be construed as other contracts. The exceptions must be construed most strongly against those for whose benefit they are inserted. The courts must maintain and enforce them as they are made. *Accident Association* v. *Newman, ante, p. —.*
2. IDEM—*Conditions—Premises vacated—Case at bar.*—Policy contained conditions to be void, if the premises became vacant; if the property became incumbered; if the policy be assigned; or if the title of insured be less than fee simple, unless the written consent of the company be endorsed. The conditions were broken. No consent was endorsed:

HELD:

The policy was avoided, whether the breaches were wilful and substantial or not.

Error to judgment of corporation court of Norfolk, rendered November 28th, 1885, in an action on a policy of insurance, wherein J. J. Cherry and H. F. Cherry, his wife, were plaintiffs, and the Watertown Fire Insurance Company was defendant. Verdict and judgment were for plaintiffs for $900. At the trial instructions asked for by defendant were refused, and instructions opposed by it were given; to which ruling the defendant excepted. The defendant also moved the court to set aside the verdict and grant it a new trial. But this motion was also overruled, and the defendant excepted, and obtained a writ of error and *supersedeas* to the judgment. Opinion states the case.

*Jos. Christian,* for the plaintiff in error.

*Geo. McIntosh* and *Borland & Wilcox,* for the defendant in error.

LACY, J., delivered the opinion of the court.

This action was instituted in August, 1884, in the said court by the defendants in error against the plaintiff in error, as the "Watertown Insurance Company," and the declaration being drawn accordingly, the same was upon motion amended as against the "Watertown Fire Insurance Company," and the case proceeded: The policy was issued on the 6th day of November, 1880, and was upon certain buildings situated on the alleged premises of the assured, Mrs. Cherry, and the furniture in the dwelling-house, which was one of the buildings insured, and was for $1,775, which included $500 on the furniture. The defendant pleaded *non-assumpsit* and several special pleas, which special pleas were first admitted by the court, and afterwards stricken out by the court, upon the ground that the defenses therein set forth were provable under the general issue. The policy provided that the same should become void unless consent in writing should be endorsed by the company thereon in certain stated instances, among them the following: If the assured is not the sole and unconditional owner of the property, or if any building intended to be insured stand on ground not owned in fee-simple by the assured, etc.; if the property should become incumbered, or if the policy be assigned or transferred before a loss; if any building therein insured should become vacant or unoccupied, etc.

The evidence showed that the property was a lease-hold property on which the insured paid rent annually to her landlord; that an incumbrance was created by mortgage on the property; that the policy was assigned as collateral security to a trustee to secure a note; that the insured moved out of and

vacated the dwelling and premises, removed to the village of Berkley, some miles off, and had her insurance transferred on her furniture in this new residence; and that the premises, including the dwelling, were wholly unoccupied up to and at the time of the fire, except that a party had put three or four thousand pounds of fodder in the outer buildings. There was no endorsement on the policy of the consent of the company in either case. The plaintiff, however, claimed that the transfer of the insurance on the furniture gave notice to the company of the removal, and that the defendant company knew of the character of her title, because a solicitor of insurance, who had a desk in the office of the company's agent, had known of the character of title held by many of the residents in the village of Deep Creek when soliciting policies at another time for another company.

On the trial the defendant moved the court to instruct the jury that if they found from the evidence, among other things, that the buildings had become vacant, that the title was not in the assured as set forth in the policy, and that there was an incumbrance placed upon the property, and the policy had been assigned without the written consent of the company endorsed on the policy, then the said policy was void. But the court rejected these instructions, and instructed them that, if they believed that the building had become *willfully* and *substantially* vacant, then the policy was void, unless they believed that the agent of the company had knowledge of the vacancy, etc.; that the policy was void if the interest of the assured was not in fee-simple, but lease-hold, unless the jury should believe that the authorized agent of the company had full knowledge of the state of the title; and, as to the incumbrance on the property insured, rejecting altogether the instruction as to the assignment of the policy, without the consent of the company. There was a verdict for the plaintiff for $900 : whereupon, the defendant moved the court to set aside said verdict, and grant it a new trial; but this motion the court overruled, and ren-

dered judgment accordingly, when the defendant brought the case here by writ of error.

The principles upon which policies of insurance are to be construed are well settled. See *Insurance Co.* v. *Gwathmey*, 82 Va., 923; *Accident Ass'n* v. *Newman*, *ante*, p. —, and authorities cited in each case; and it is not deemed necessary to review the authorities on this subject. It is sufficient to say that such contracts are to be construed as other contracts are construed, and that the exceptions contained in them as provisos shall be construed most strongly against the parties for whose benefit they are inserted; that it is the duty of the court to maintain and enforce these contracts as they are made; and it can never be held in this court just or allowable to make a new contract for the parties, different from the one they have voluntarily entered into, in order to obtain a recovery of the premium. There was no contract between these parties, if the premises should become *wilfully* and *substantially* vacant, and there was no agreement that notice should be given of violations of the policy stipulations to a clerk or solicitor of premiums. The contract was if the premises should become vacant, and if the policy should be assigned, the property incumbered, or the title should be less than fee-simple, that then the policy should be void, unless the consent in writing of the company was endorsed on the policy. All these conditions having been violated, the policy became void, and there can be no recovery thereon; and the circuit court of Norfolk city erred in refusing to so instruct the jury, and the said judgment will be reversed and annulled, and this court will render here such judgment as the said circuit court of Norfolk city should have rendered. And it being established by documentary evidence, uncontradicted and not denied, that the plain provisions of the policy have been violated, which by its terms render it void, and, by unquestioned and admitted evidence, that the dwelling and other buildings insured were vacated and abandoned and unprotected at the time of the fire, except by an occasional

visit from a denizen of the village, who had the key, without the written consent of the company endorsed on the policy, as its terms required, by which both sides were bound alike, unless there be doubt in the construction thereof, or as to their meaning, this policy appears to be void—to have been forfeited before the loss.

The transfer of the insurance on the furniture to another house in another village was an indication that the insured had removed; but it did not show that the house was vacant, as it would not have been had it been retenanted. But, if it did, still it was a violation of the terms of the policy; and it is a poor argument to say that, because it was violated, therefore it was not violated, because the insurance company had notice of its violation. The insurance company, even in that case, had a right to stand on the policy, as the insured must obviously do, if they bring suit on it. It is not pretended that the insurance company gave its consent in writing, or had any notice of the assignment of the policy, or of the incumbrance thereon, and the policy was rendered void by these violations of its terms and conditions. And being a void policy, no action can be maintained thereon, and the circuit court should have so instructed the jury, and directed a verdict for the defendant; and the action will therefore be dismissed by order entered here.

JUDGMENT REVERSED.