## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### UNIVERSAL LIFE INS. CO. V. DEVORE.

#### February 11th, 1892.

1. INSURANCE POLICIES—*Construction.*—Same rules of interpretation applicable to other instruments, are applicable to policies of insurance; which are to be interpreted according to their sense and meaning.

2. IDEM—*Case at bar.*—Where a policy provides that when at least three full annual premiums are paid and the policy duly receipted and transmitted to and received by the company before default in payment of any premium due thereon, or within thirty days thereafter, the same may be exchanged for a paid-up term policy for the same amount; and within thirty days after default, attorneys wrote that the policy had been left with them to procure a term policy, and demanded such term policy, saying that on receipt thereof they would send the original policy duly receipted;

HELD:

         The plaintiff has no right to a term policy or to payment of any amount from the insurance company upon their contract, not having complied with its conditions.

Appeal from decree of chancery court of city of Richmond, rendered January 2nd, 1890, in a suit wherein Elbert C. Devore and others were complainants, and the Universal Life Insurance Company was defendant. The decree being adverse to the defendant company, it appealed. Opinion states the case.

*Maury & Maury* and *W. W.* and *B. T. Crump*, for appellant.

*John Hunter* and *S. D. Davies*, for appellees.

LACY, J., delivered the opinion of the court.

This case has been in this court before, and was heard and determined on the 28th day of April, 1887, upon the demurrer to the bill of the plaintiff, and the demurrer was here sustained and the trial court reversed, and the case remanded for a new trial, if the parties were so advised. The case is reported in 83 Va. Rep., 267.

From that case it will be seen that the bill in this case was filed in the chancery court of the city of Richmond on the 5th day of April, 1880, against the said appellant—a non-resident insurance company, domiciled in the state of New York—and an attachment levied on the real estate of the company, situated in the city of Richmond, within the jurisdiction of the said court, to ensure the payment of the policy issued by the said company on the 13th day of March, 1871, for $8,000, and numbered 10,971, upon the life of Frances C. Devore, payable to the husband of the said assured, Elbert C. Devore, and the children of the said Frances; that the contention of the assured was that the premium on the said policy was annually paid until six annual premiums had been paid up to and including the premium due March 13, 1876; that on the last-named day the company was insolvent, and the premium falling due on that day was not paid; that the said Frances C. Devore departed this life on the 1st day of September, 1878; that on the 13th of March, 1877, when there was this failure to pay, the company was insolvent, and there was, therefore, no obligation on them, the complainants, to pay premiums on the said policy, and that they were entitled to receive the full amount of the said policy with interest from ninety days from the death of the assured. It was then claimed that they were entitled to this amount for another reason. It is stipulated in the said policy, or in a certificate or agreement that is annexed to it, and is a part of it, that said policy could be exchanged for a paid-up term policy of the same amount on the life of the

assured, for a term as stated in the table annexed to said certificate and agreement, subject to the conditions and provisions following—to-wit: That at least three full annual premiums shall have been paid; that said policy shall be duly transmitted to and received by the said company before default in the payment of any of the premiums due thereon, or within thirty days thereafter, and no condition of the said policy shall have been violated; that by the terms of the new policy the full amount named in the said policy shall become payable on the death of the assured, provided the death occurs within the time named by the said policy; that the full amount of six annual premiums having been properly paid on the said policy, the said company were bound, according to the table aforesaid, to issue a paid-up term policy on the life of the said Frances C. Devore, to remain in full force for four years and thirty-six days from the 13th day of March, 1877, and that within this period the said Frances C. Devore died—to-wit, on the 1st day of September, 1878—and that said policy, in contemplation of law, in effect became a paid-up term policy for four years and thirty-six days from the said 13th day of March, 1877; that all the conditions and provisions required to this end were substantially and legally complied with.

When the case went back, the complainants by way of amendment, strike out their claim in their bill to receive the full amount of the said policy under the original policy, and insist only on their claim by reason of their demand for a paid-up term policy, and the death of the assured within the term stated above. But the company deny their right to have this term policy issued and paid, because it is insisted that the terms of the contract of insurance in this regard were not complied with. These terms are as follows:

" This certifies that policy No. 10,971 may be exchanged for a paid-up term policy of the same amount on the life of the insured for a term as stated in the table given below, subject to the conditions and provisions following—to-wit: That at

least three full annual premiums shall have been paid ; *that this policy, duly receipted, shall have been transmitted to and received by the company before default in the payment of any premium due thereon, or within thirty days thereafter*, and that no condition of said policy shall have been violated. By the terms of the new policy the full amount named in the said policy shall become payable on the death of the insured, provided said death occur within the time named in the new policy."

Three annual payments were paid, and the death of the insured did occur within the time stated in the said annexed table, and stated above, but " the original policy, duly receipted, was not transmitted to and received by the said company before default in the payment of any premium due thereon, or within thirty days thereafter," nor was the original policy ever transmitted to the said company, duly receipted, either within the said thirty days after default in the payment of premiums, nor at any other time, but the said original policy was and is retained by the plaintiff, and, as we have seen, was sued on in the original bill in this case. But the plaintiff excuses this failure to do this upon the ground that on the 15th day of March, 1887, within thirty days after default in the payment of premium, the following letter was addressed to the company by the assured's attorneys :

" *Sec. Universal Life Insurance Company :*

"Dear Sir—A policy in your company, No. 10,971, was issued on the life of Frances C. Devore, for the benefit of her husband, Elbert Devore, and her children. Six annual premiums have been paid on said policy, which, under the conditions thereof, entitles her to a paid-up term policy for the whole amount thereof—viz., $8,000, payable at the death of the said Frances C. Devore, provided she would die before the expiration of four years and thirty-six days.

" *The policy* has been left with us to procure said term policy,

and we hereby *demand that you forward the same to us at once,* and we will forward the same, duly receipted. Please write to us, with instructions in full what you require to be done after this demand.

> "Yours with great respect,
>
> "SHEPPARD BROS., Attorneys."

This letter the company never received, as they claim, but tho plaintiffs insist that it must have been received, as it was never returned by the postal authorities, and was duly mailed. There is no preponderanae of evidence to show that it was ever received, and the company points out that it was addressed to no person by name, but to the secretary of the company as such. But, for the purposes of this defence, it may be conceded to have been received, and that does not affect the question. Was it a compliance with the terms of the policy held by the assured? The policy, which is the contract of the parties in this suit sought to be enforced, required that the original should be returned delivered to the company, duly receipted, within the thirty days after default. If the letter was received, it did not effectuate this, but, on the contrary, was a flat refusal to do this, and a demand for the term policy to be issued and delivered first. So that, if the demand was complied with, the assured would have two policies, instead of one, in his possession, and then the company was to give instructions what was required further. This is claimed by the assured to have been a substantial compliance with the terms of the policy. But we do not so regard it, and it clearly was not. If the company was insolvent, as at first claimed in this suit, then the company might be sued on the original policy, and default in the payment of premiums be excused on the part of the assured, and a payment on the policy demanded, as was done in this suit on that very ground (a claim now abandoned), if the assured should not die within the life of the

term policy, and, if the assured did die, suit might be brought on the term policy. We do not know why this contract was thus inverted by the assured; it might have been by negligence or it might have been by reason of the reported insolvency of the company, but that inquiry is wholly unprofitable and immaterial. The contract between the parties was as stated above. The right to the term policy was dependent expressly upon the return and the receipt of the original policy. This was a reasonable condition, and, moreover, had been agreed to. Upon what principle can the assured maintain any right to the term policy under this contract? As has been often said by this court in such cases, the question is upon a construction of the policy sought to be enforced. The principles of interpretation applicable to contracts of insurance are the same as those which obtain in the case of other contracts. The same rule of construction which applies to other instruments applies also to this. They are to be construed according to the sense and meaning of the terms used. If these are clear and unambiguous, their terms are to be understood in their plain, ordinary and popular sense. Lord Ellenbrough, in *Robinson* v. *French*, 4 East, 135.

As was said by Lord Abinger, in *Cornfoot* v. *Fowke*, 6 Mees. & W. 358, a policy of insurance is a contract, and is to be governed by the same principle as govern other contracts. Its language is to receive a reasonable interpretation. Its intent and substance, as derived from the language used, should be regarded. See opinion of Nelson, C. J., in *Turley* v. *North Amer. Fire Ins. Co.*, 25 Wend. 374.

In such cases, as in all others, the subject of the insurance, its nature and extent, are to be ascertained from the words of the contract which the parties have made. *Home Ins. Co.* v. *Baltimore Warehouse Co.*, 93 U. S. 527; Wood on Ins., § 67, 177 p., § 156: *Murray* v. *Hatch*, 6 Mass. 465; May on Insurance, § 172, *et seq.*; *U. S. Mut. Ac. Ins. Co.* v. *Newman*, 84 Va. 52; *Watertown Fire Ins. Co.* v. *Cherry*, 84 Va. 72; *Mut. Ass. Soc.* v.

*Scottish U. & N. Ins. Co.*, 84 Va. 116; *Home Ins. Co.* v. *Gwath-mey*, 1 S. E. Rep. 209, and authorities cited.

If we are to enforce the rights of the parties here according to the terms of the contract, the plaintiffs below, the appellees here, have no right whatever to their claim for a term policy, nor to payment of any amount from the said appellant company under the contract. There are other questions raised here of interest by the learned counsel assigning errors in the decree of the chancery court rendered against them, but as the case, upon its merits, is clearly and plainly with the appellant company, we have not deemed it necessary to consider the case upon any of the numerous technical grounds stated by them. The chancery court has decided the case contrary to the foregoing views.

The decree appealed from must be reversed and annulled, and this court, proceeding to render such decree as the said chancery court ought to have rendered, the bill of the plaintiffs will be dismissed with costs and the attachment quashed.

DECREE REVERSED.