## Wytheville.

## NORFOLK FIRE INSURANCE COMPANY V. TALLEY.

### June 8, 1911.

1. FIRE INSURANCE—*Prohibition Against Fireworks—Violation—Custom—"General Merchandise."*—There can be no recovery on a fire insurance policy on a building in which "fireworks" are kept where the policy provides that it shall be void if "fireworks" are kept, used or allowed on the premises (any usage or custom of trade to the contrary notwithstanding). It is immaterial that, at the date of the policy, the building was used for general merchandise purposes and that it was usual for general merchandise stores to keep and sell such goods in that community. The fact that fireworks are usually kept in country retail stores does not authorize their being kept and sold by one who has contracted in writing that he will not deal in them, and that the policy shall be void if violated in that particular. Contracts of insurance are subject to the same rules of construction that are applicable to other written contracts.

2. FIRE INSURANCE—*Construction of Policy—Written and Printed Parts.*—The rule that the written portion of a policy overrides the printed only applies where the conflict between the two is irreconcilable. The two parts must, if possible, be construed together so as to give effect to both, and the written part of a policy never overrides the printed part except when the two are inconsistent and not capable of a reasonable interpretation when read together. One clause of a policy should never be segregated and an effect given to it inconsistent with the apparent intention of the parties as gathered from the whole instrument.

3. FIRE INSURANCE—*Policy—Fireworks—Waiver—Custom.*—A party by accepting a policy forbidding the carrying of "fireworks" in stock thereby surrenders the right to carry such goods in stock, though it is customary for others doing a like business to carry them.

Error to a judgment of the Circuit Court of Louisa county in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Peatross & Savage* and *Gordon & Gordon,* for the plaintiff in error.

*Bibb & Bibb* and *James L. Shelton,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This suit was brought to recover on a policy of insurance issued by the defendant company, insuring against loss by fire a certain building in the county of Louisa, used at the time as a store for general merchandise purposes. There was a verdict and judgment in favor of the plaintiff to which this writ of error was awarded.

The first assignment of error, which was to the action of the circuit court in overruling the demurrer to the declaration, was properly abandoned at bar.

A number of defenses were made by the defendant, and a number of assignments of error have been taken to the rulings of the circuit court, and discussed here; but, in our view of the case, there is one defense which conclusively settles the controversy in favor of the defendant, and, therefore, it will not be necessary to deal with others.

Among other provisions, the policy sued on contains the following condition: "This entire policy shall be void if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises . . . fireworks."

Notwithstanding this express provision forbidding it, fireworks were kept in stock and were in the building when the fire occurred. Over the objection of the defendant, the circuit court permitted the introduction of evidence tending to show that it was customary for general merchandise

stores in Louisa county to carry fireworks as a part of their stock in trade, and instructed the jury that, although they believed from the evidence that fireworks were in the store at the time of the fire, yet, if they believed that such goods were kept in general merchandise stores in the course of trade, and this was the custom and habit of such stores in that section, then the keeping of such fireworks could not be a bar to recovery under the policy sued on.

These rulings of the circuit court were clearly erroneous. Contracts of insurance are subject to the same rules of construction that are applicable to other written contracts. *Home Ins. Co.* v. *Gwathney,* 82 Va. 923, 1 S. E. 209; *U. S. Mut. Accident Asso.* v. *Newman,* 84 Va. 52, 3 S. E. 805; *Watertown Fire Ins. Co.* v. *Cherry,* 84 Va. 72, 3 S. E. 876; *Ins. Co.* v. *Devore,* 88 Va. 778, 14 S. E. 532.

There is neither fraud nor mistake alleged in the execution of the policy in question. It is not denied that the plaintiff knew what the policy contained, but it is contended that the provision in question did not affect the right of the insured to keep and sell fireworks in the insured property, because it was usual in that county for general merchandise stores to keep and sell such goods; that the term "general merchandise" embraces fireworks, and the right to sell is implied, although the prohibition is express. This position cannot be sustained. The fact that fireworks are usually kept in country retail stores does not authorize their being kept and sold by one who has contracted in writing that he will not deal in them, and that the policy shall be void if violated in that particular. The reason for the prohibition may have arisen from the fact of the custom of selling fireworks in country stores; for if the article was never found in such stocks, its prohibition would be useless.

The keeping of fireworks was a hazard which the premium paid did not cover, and its prohibition was, therefore, a material part of the contract, the benefit of which

the company could not be deprived of because others kept fireworks in their stores. *Assurance Co.* v. *Rector,* 85 Ky. 294, 3 S. W. 415; *Beer* v. *Insurance Co.,* 39 Ohio St. 109; *Sperry* v. *Insurance Co.* (C. C.), 26 Fed. Rep. 234; *Steinbach* v. *Insurance Co.,* 13 Wall. 183, 20 L. Ed. 615; *Insurance Company* v. *Gunther,* 116 U. S. 113, 29 L. Ed. 575, 6 Sup. Ct. 306.

There are cases relied on by the plaintiff where the policy or its meaning has been interpreted in the light of the circumstances surrounding its execution; as where a building insured was being used for the manufacture of certain articles that required the use of inflammable material, and without which the building and the business in it would have been useless. In such cases it has been held that the right existed to keep and use everything necessary or essential to the manufacture of the articles, although forbidden, consent having been given by the company that the building insured might be used for the purpose of manufacturing the particular article. This line of cases has no application to the case at bar, where the business conducted in the building insured was a general merchandise business. Keeping and selling fireworks is in no sense necessary or essential in such a business. The privilege of keeping fireworks as part of such a stock might, for a cheaper rate of insurance, well be surrendered without impairing the business.

Nor can plaintiff's contention that the printed portion of the policy, containing the prohibition against fireworks, is overridden by the written portion, which describes the property and its uses for general merchandise purposes, avail to enable her to introduce parol evidence as to a custom; because the rule that the written overrides the printed part of a policy only applies where the conflict between the written and printed parts is irreconcilable. The written and printed parts of a policy must, if possible, be

construed together so as to give effect to both, and the written part of a policy never overrides the printed part except when the two are inconsistent and not capable of a reasonable interpretation when read together. One clause of a policy should never be segregated and an effect given to it inconsistent with the apparent intention of the parties as gathered from the whole instrument. *Merchants Ins. Co.* v. *Edwards,* 17 Gratt. 138.

In the case at bar, there is no conflict between the written and the printed parts of the policy. The intention of the parties is apparent, and each part is clear and easily understood. Both can stand together without the slightest difficulty in reconciling them.

The meaning of the clause of the policy in question is plain. The plaintiff expressly undertook, by accepting the policy, not to claim the benefit of any custom contrary to the terms of the policy, and in accepting the policy at the premium named, she surrendered the right to carry in stock such articles customarily carried in such stores as are expressly prohibited by the terms of the policy.

In Ostrander on Fire Insurance (2d ed.), sec. 329, the author says: "But it will be otherwise if the policy distinctly prohibits the using or keeping of dangerous articles particularly specified. Custom and ordinary use will create a presumptive right only when the contract is silent, or its meaning uncertain. The insurer has unquestionably the privilege to decline acceptance of a risk, except on conditions which he may impose; and as to whether such conditions are reasonable he has the power of ultimate decision. The parties do not come together by compulsion. There is an absolute freedom of choice. They may agree on terms, advantageous or otherwise, or they may refuse to agree altogether; but when the minds of insurer and insured have met, and the terms of their agreement are distinctly set forth in the policy, there is nothing for the

53

courts to construe, and it is not for them to say that particular things cannot be prohibited because of their customary use in connection with the business to which the insurance relates. In consideration of the insurer's promise of indemnity at a rate of premium named, the insured surrenders somewhat of the uses and privileges that he has ordinarily enjoyed in the occupation of his premises, or in the management of his business. Whether he has acted wisely or not is immaterial. He has exercised his natural and his constitutional right to make his own contract, and that is an end of the matter."

To enforce the payment of this policy in the face of the plain and unwarranted violation of the written agreement of the parties that fireworks should not be kept on the insured premises, would be to remove all safeguards embodied in the contract of insurance for the protection of the insurance company.

As said by Judge Keith in *Westchester Fire Ins. Co.* v. *Ocean View Co.,* 106 Va. 633, 56 S. E. 548, referring to a clause like that under consideration: "It was a lawful condition and recklessly violated, and if it be not sufficient to protect the insurance company against loss, it would seem to be an idle task to write conditions into a policy."

For the reasons given, the defendant company was plainly entitled to a judgment. Therefore, the judgment of the circuit court in favor of the plaintiff must be reversed, the verdict set aside, and the cause remanded for further trial, if the plaintiff shall be so advised, not in conflict with the views herein expressed.

*Reversed.*