## Richmond

ROBERT D. RUFFIN, EXECUTOR, ETC. v. UNITED STATES FIRE
INSURANCE COMPANY.

January 15, 1968.

Record No. 6495.

Present, All the Justices.

*Grover C. Wright, Jr. (Caton & Wright,* on brief), for plaintiff in error.

*Charles A. McDuffie (Pender, Coward, McDuffie & Addison,* on brief), for defendant in error.

GORDON, J., delivered the opinion of the court.

The single issue on this appeal is whether the defendant, United States Fire Insurance Company, is estopped from relying on a clause in its fire insurance policy that excludes coverage if the insured premises are unoccupied when a loss occurs and have been continuously unoccupied for the preceding 90 days. The trial court, sitting without a jury, held the occupancy clause applicable and entered judgment for the defendant.

The plaintiff, Robert D. Ruffin, Executor of Thomas B. Wesley,

appeals. He contends that U.S. Fire is estopped from relying on the occupancy clause because it knew, when it substituted the Executor as beneficiary under the policy and accepted a premium for additional coverage, that the insured premises were unoccupied and would possibly remain unoccupied beyond the 90-day period.

When Wesley died on August 1, 1964, he owned a fire insurance policy issued by U.S. Fire covering his dwelling house. The policy excluded or, more accurately, suspended coverage if the dwelling should be "vacant or unoccupied beyond a period of sixty consecutive days". An endorsement extended the period to 90 days.

After Ruffin qualified as Executor he asked U.S. Fire's general agent, Robert H. Etheridge, to substitute him as the beneficiary under the policy and to provide coverage for the contents of the dwelling. On August 11 Etheridge issued endorsements on behalf of U.S. Fire that effected these changes, and he collected the premium for the additional coverage.

The dwelling was destroyed by fire on January 20, 1965, having been continuously unoccupied since August 1, 1964, a period of more than 90 days.

Etheridge testified that when he issued the August 11 endorsements he knew the dwelling had been vacant since Wesley's death, a period of about 10 days, and he knew the Executor planned to sell the property. He was asked: "Did you further know that it was likely and probable that the property would remain unoccupied for a considerable period of time and in all probability for longer than a period of 90 days?" He answered: "It was possible, yes." [1]

We have consistently held that an insurance company cannot rely on a provision of its policy to defeat coverage if the facts making the provision operative were known to the company when it issued the policy. *E.g. Virginia Fire & Marine Ins. Co.* v. *Richmond Mica Co.*, 102 Va. 429, 46 S.E. 463 (1904) (holding that a company which knew, when it issued a policy, that the insured's interest in the insured property was less than fee simple could not rely upon a provision rendering the policy void if the insured's interest was less than fee

---

[1] After August 11 and during the 90-day period, the Executor told Etheridge that he had received a down payment on the sale of the property. Later, and before expiration of the 90-day period, Etheridge drove by the property, saw workmen there, and "assumed that someone was occupying the property". These facts are referred to in the briefs and in the trial court's opinion, but they are not set forth in the text of this opinion because they have no bearing on our disposition of the case.

simple). We do not have such a case before us now, even if we treat the issuance of the endorsements as the equivalent of the issuance of a policy.

When U.S. Fire issued the endorsements on August 11, the policy was valid and afforded the coverage intended by the parties. The general agent, Etheridge, knew the insured premises were not occupied, but he did not know they would remain unoccupied for more than 90 days so as to make the occupancy clause applicable.[2] He knew only that this was possible. Furthermore, Etheridge did nothing to lead the Executor to believe that U.S. Fire would not rely upon the occupancy clause, if it should become applicable at a future time. He only carried out the Executor's request that he substitute the Executor as the beneficiary under the policy and add coverage on the contents of the building.

We hold, therefore, that U.S. Fire is not estopped from relying on the occupancy clause of its policy, and affirm the judgment of the trial court.

This Court has decided cases involving somewhat similar facts, but the holdings in those cases do not control the decision in this case. In a case decided in 1904, we indicated that the holding in *Georgia Home Ins. Co. v. Kinnier*, 69 Va. (28 Gratt.) 88 (1877), supported the position taken by the Executor in this case.[3] See *Virginia Fire & Marine Ins. Co. v. Richmond Mica Co.*, 102 Va. 429, 432-33, 46 S.E. 463, 464 (1904). But the *Georgia Home* case, upon which the Executor's counsel relies principally, involved different facts.

In the *Georgia Home* case the insurance company's agent, who knew that the premises were unoccupied and would not be again occupied by the family, was asked when the policy was delivered, "if the policy was all right, and if the house was burned would the money

---

[2] We need not decide whether the 90-day period began on August 1 or August 11, 1964 with respect to the new coverage on contents effected August 11 or with respect to the coverage in effect before August 11. When the loss occurred on January 20, 1965, the premises had been continuously unoccupied for more than 90 days after August 11, 1964.

[3] Other Virginia cases cited by counsel to support their respective positions are: *American Liberty Ins. Co. v. Breslerman*, 201 Va. 822, 113 S.E.2d 862 (1960); *Foreman v. German Alliance Ins. Ass'n*, 104 Va. 694, 52 S.E. 337 (1905); *Connecticut Fire Ins. Co. v. Tilley*, 88 Va. (13 Hans.) 1024, 14 S.E. 851 (1892). Although the court's reasoning in a West Virginia case, *McKinney v. Providence Washington Ins. Co.*, 144 W. Va. 559, 109 S.E.2d 480 (1959), supports the Executor's position in this case, the statements of the insurance company's agent in that case could have reasonably led the insured to believe the company would not rely on the occupancy clause.

be paid". The agent replied, "it was all right, and the money would be paid". 69 Va. (28 Gratt.) at 96.

The holding in the *Georgia Home* case was based, at least in part, upon waiver or estoppel by virtue of the conduct of the insurance company's agent. The Court said: "Now this conduct of the company's agent . . . amounted . . . to a dispensing with the performance of the condition by the assured, or a waiver of the forfeiture incurred by the breach of it, or . . . [it] operated as an estoppel, precluding the company from afterwards relying upon the breach as a bar to the claim of the assured for indemnity under the policy." *Id*. at 107-08.

*Affirmed*.