## 18889

Robert R. RAINWATER, Madge T. Rainwater and Madge E. Rainwater DeWitt, Respondents, v. MARYLAND CASUALTY COMPANY OF BALTIMORE and Fidelity and Guaranty Insurance Underwriters, Inc., Baltimore, Maryland, Appellants.

(166 S. E. (2d) 546)

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, *for Appellants,*

*Messrs. Summerford & Porter,* of Florence, *for Respondents,*

March 12, 1969.

*Per Curiam:*

This is an appeal from two defendants-insurers from a judgment of the lower court awarding judgment against

each of them in the amount of $15,650.00, on fire insurance policies issued by said defendants on property owned by the respondents which was destroyed by fire. For a proper disposition of the appeal, we find it necessary to decide only a single issue, and the portions of the order of the lower court pertinent to such issue are reported herewith.

While no concession is made thereabout, we do not understand the appellants to seriously contend that the insured premises were vacant at the time of the fire. They do earnestly urge, however, that such were unoccupied and that the coverage afforded under their respective policies was for that reason suspended at the time of the fire. We have carefully reviewed the facts, the order of the lower court, the briefs of counsel, and applicable authorities; and find ourselves in accord with the conclusion reached by the lower court that the insured premises were neither vacant nor unoccupied within the meaning of the terms of the policies involved.

We think it not amiss to mention certain facts not disclosed in the order of the lower court. The respondents operated numerous service stations, some of them being owner-operated, others being leased. The premises destroyed by fire were not open for serving the public for a period of somewhat more than sixty days. The reason therefor was that the respondents were engaged in surveying the situation to determine whether it should be re-leased or reopened as an owner-operated station. In connection therewith, they, their employees, and others with their permission, were frequently in and upon the premises and making use thereof, even though the premises were not open to the general public.

Our conclusion that the lower court correctly held that the premises were not "vacant or unoccupied" renders unnecessary a discussion of other questions raised by the appellant, Maryland Casualty Company. The judgment of the lower court is affirmed.

The Order of Judge Baker follows:

The above entitled cause came on for trial in the May, 1967, term of the Court of Common Pleas for Florence County before a jury and at the conclusion of all testimony the jury was discharged and the matter taken under advisement as the issues involved were matters of law.

This action was commenced by summons and complaint alleging that the plaintiffs entered into a contract of insurance with Fidelity and Guaranty Insurance Underwriters, Inc., under policy No. O-F416328 bearing date of March 18, 1965, and with Maryland Casualty Company of Baltimore, Maryland, under policy No. 80-090024 bearing date of July 26, 1965, wherein, among other properties, the defendants agreed to insure a two-story brick building with standard roof located at 1540 South Irby Street, Florence, South Carolina, against loss as a result of fire and other perils in the total sum of $31,300.00 under each of the two policies. On December 12, 1965, the insured building was destroyed by fire while the named policies were in full force and effect.

There are two issues to be determined by this Court, one being in the absence of the original policy as to the defendant Maryland Casualty Company, which did not contain the vacancy and unoccupancy clause within the memorandum of insurance, would this memorandum of insurance be binding between the parties as a duplicate original or primary evidence, and, if not, does same meet the requirements of the best evidence or secondary evidence rule? The second issue being, were the premises destroyed by fire vacant or unoccupied for a period of 60 consecutive days within the meaning of the terms of the policies in question?

\* \* \*

As to the second issue, the plaintiffs correctly asserted that the premises were neither vacant nor unoccupied within the meaning of the terms of the policies in question.

The testimony established that a tenant of the building ceased to operate the service station-truck stop on or about September 20, 1965. However, the testimony further established that various items or equipment, tools and merchandise related to the use of the premises were present in and about the premises during the time in question. The testimony showed that the premises were equipped and ready for use between September 20, 1965, and the date of the loss, and in fact was used on numerous occasions by one of the plaintiffs, his employees and others with permission of the plaintiff Robert R. Rainwater.

The condition suspending or restricting insurance is "while a described building whether intended for occupancy by owner or tenant is vacant or unoccupied beyond a period of sixty consecutive days." This is the only restriction or condition in either policy relating to vacancy or unoccupancy. It will be observed that this clause or provision does not refer to any use of the premises as a gas service station other than the words "described building." The building insured in both policies is described or identified as "the two story brick and CB building with standard roof occupied as a gas service station located 1540 E/S of South Irby Street, Florence, S. C."

The use of the phrase "occupied as a gas service station" is for the purpose of identification and does not prescribe a condition or restriction of insurance coverage. It does not mean actual use in a continuous sense but the occupancy "must be such as ordinarily pertains to purpose to which property is adapted or denoted as described in the policy." Black's Law Dictionary, 4th Ed. At the time of the loss by fire the building retained its physical characteristics and implements as a gas service station and the occupancy by the owner was in keeping with the purpose of use as a gas service station.

The endorsement attached to both policies entitled "Automobile Filling Stations" does not have any provision therein referring to the use of the premises

as a filling station as a condition or restriction. The first paragraph employs the language "and occupied for Retail Automobile Filling Station purposes only." The occupancy referred to is in the sense of holding or keeping for use rather than the absolute meaning of using or making use of.

One of the defenses relied upon by the insurers is the exclusion of buildings "used for the storage or repairing of motor vehicles (other than occasional incidental repairs)." There is no evidence to show storage or repairing of vehicles. Ira Brown parked his vehicles, at times upon the premises, not in the buildings but he did not store any vehicle thereupon or therein. Mr. Brown did not engage in the repair of any vehicle upon the premises or in the building.

"Vacant" is defined in Black's Law Dictionary as "Deprived of contents, without inanimate objects. It implies entire abandonment, nonoccupancy for any purpose." In this Dictionary it is pointed out that "vacant" and "unoccupied", as used together in rider to fire policy have different meanings; the term "vacant" meaning "empty," while "unoccupied" means lack of habitual presence of human beings. The record shows that the buildings had not been deprived of contents or abandoned nor was there the absence of human beings. There was actual use of the premises or building and the holding or keeping for use by the insured for filling station purposes.

In *Bledsoe v. Farm Bureau Mutual Insurance Company*, Mo. App., 341 S. W. (2d) 626, the Court stated,

"The term 'vacant' is generally construed to mean empty and without inanimate objects. It implies entire abandonment, nonoccupancy for any purpose."

Appleman, Section 2833, refers to "vacant" as the "absence of inanimate objects."

Couch on Insurance, Section 37 :847, sets forth the general rule as follows:

"* * * in the absence of contract regulation to the contrary, in order for a building to become 'vacant' within a policy, conditioned to become void upon the happening of such a contingency, there must be a permanent removal therefrom and a material abandonment thereof for the purposes for which it was insured, as distinguished from the mere temporary absence of the occupant or the cessation of customary use."

As established by the testimony, there was never a permanent removal from the premises and the uncontradicted testimony revealed that the "tools of the trade" were present on and about the premises and being used at numerous times.

Couch, Section 37:848, states:

"In accord with the concept that 'vacant' means entirely empty it is frequently held that there is no vacancy when personal property has been left in the building and the personal property is of sufficient value to make it reasonable to believe that its owner has not abandoned it."

In the case of *Limbaugh v. Columbia Insurance Company of New York,* 368 S. W. (2d) 921, a building had been used as a recreation hall and package liquor store. The insured lost his liquor license and the Court held that the property was not "vacant" within the fire policy provision because the fixtures and stock of merchandise were still in the building at the time of the fire. The Court further held that the building was not "unoccupied" within the fire policy provision that insurer shall not be liable for loss occurring while building is unoccupied beyond 60 days, where insured and another before the fire worked in the building and were present several times.

In *Moody v. Amazon Insurance Company,* 52 Ohio St. 12, 38 N. E. 1011, 26 L. R. A. 313, the Court stated:

"Strictly construed, occupancy for any lawful purpose would satisfy the condition, and preserve the obligation of the policy."

The property in question is listed and designated in the policies as:

"On the two story, brick and C. B. building with standard roof occupied as a gas service station, located 1540 E/S of South Irby Street, Florence, S. C."

In *Stivers v. National American Insurance Company,* 9 Cir., 247 F. (2d) 921, the Court explored this feature of a fire policy extensively, and from the cases discussed it was clearly set forth that in order for the insurer to avoid liability by alleging failure to occupy for a specific purpose, it was incumbent on the insurer to use the words "while occupied only as." which was not done in the instant case.

Appleman, Section 2836, states the rule in regard to a tenant leaving as follows:

"It being reasonable to assume that the parties contemplated some space of time might necessarily elapse after one tenant has moved out before another could move in, the majority of courts have held that such a period will not breach the policy conditions relative to vacancy or unoccupancy, at least if the delay is not unreasonable."

It is, therefore,

Ordered, that the plaintiffs have judgment against the defendant Maryland Casualty Company of Baltimore, Maryland, in the sum of Fifteen Thousand Six Hundred Fifty and 00/100 ($15,650.00) Dollars and for the legal rate of interest from December 12, 1965, and against the defendant Fidelity and Guaranty Insurance Underwriters, Inc., Baltimore, Maryland, in the sum of Fifteen Thousand Six Hundred Fifty and 00/100 ($15,650.00) Dollars and for the legal rate of interest from December 12, 1965.