Hillsborough, ⎫
June 29, 1918. ⎰

LOUISE BARRETTE, *Adm'x*, v. CASUALTY COMPANY OF AMERICA & a.

An employers' liability company, whose general agent had informed the assured that the company would insure him against liability to his employees for all injuries they might sustain, is liable to him on a policy subsequently issued and excepting a particular risk, there being no evidence that the insurer notified the assured of such exception and the assured having reasonably relied upon the agent's representation that the policy protected him from all liability.

BILL IN EQUITY. Hearing by the court. Decrees for the plaintiff and for the defendant Dubray. The plaintiff's intestate, one of Dubray's employees, was killed October 2, 1915, by the fall of a hoist or elevator on which he was riding. His administratrix recovered a judgment against Dubray which she is seeking to enforce against the defendant company in this proceeding. Dubray applied to the company for insurance against liability to his employees in April, 1915, but the policy which was issued a month later excepted from its operation risks like the one in question. The court found the company was estopped to deny that the policy

covered this risk and the company excepted.    Transferred by *Allen*,
J., from the May term, 1917, of the superior court.    The evidence
sufficiently appears from the opinion.

*Taggart, Wyman, McLane & Starr (Mr. Wyman* orally), for the
plaintiff.

*Streeter, Demond, Woodworth & Sulloway* and *Cyprian J. Belanger*
(*Mr. Jonathan Piper* orally), for the defendants.

YOUNG, J.    Dubray, who had contracted to take down an old
building and erect a new one, applied to the defendant company's
local agent for insurance against liability to his employees while
doing this work.    The local agent transmitted his application to
the company's general agent who informed him (the local agent)
that the company would "cover" Dubray.    By that was intended
,that the company would protect Dubray or insure him against
liability to his employees for all injuries they might sustain which
were caused by the usual and ordinary risks of the business named
in the application unless and until the company notified him (Du-
bray) that it declined to underwrite them.    The court has found
that the general agent had authority to make this agreement and
that the risk incident to using a material-hoist is one of the usual
and ordinary risks of the business.    Dubray, therefore, was insured
against liability for accidents to his employees for a time at least.
Whether this insurance had terminated at the time of the accident
in question depends on whether the delivery of the policy was notice
to Dubray that the company declined to underwrite the risk incident
to his employees' riding on a material-hoist,, for no one contends that
the company did anything else to notify him of that fact and the
court has found that he did not read the policy until after the acci-
dent.    The test to determine whether the delivery of the policy was
such notice is to inquire whether he was in fault for not reading it.
In other words, the questions of law raised by the company's ex-
ceptions to the court's finding that it is estopped to deny it insured
Dubray against liability for the accident in question are whether
there is any evidence to warrant the court's findings (1) that the
company was in fault for not notifying him that it would not under-
write the risk in question, and (2) that he was not in fault for not
ascertaining it.    The evidence relevant to the first issue tends to
the conclusion that the company did absolutely nothing to notify

Dubray. The evidence relevant to the second issue tends to the conclusion that when the company's local agent delivered the policy he gave Dubray to understand that it protected him from all liability to his employees while he was doing the work in question. It cannot be said that Dubray was in fault for relying on the agent's representation or that the ordinary man in his situation would have read the policy to ascertain whether it evidenced the contract he made with the company; and there is no rule of law, written or unwritten, which provides either in terms or by reasonable implication that one who buys insurance is bound by the terms of a policy the company subsequently delivers to him, both when it does and when it does not evidence the contract he made with it. In other words, the evidence warrants the findings that the company was, and that Dubray was not in fault for his not knowing of the exception in the policy and these findings warrant the further finding that the company is estopped to deny that it insured Dubray against liability to the plaintiff for the death of her intestate.

*Exception overruled.*

All concurred.