18923

WASHINGTON REALTY COMPANY, Appellant, v. AMERICAN MUTUAL FIRE INSURANCE COMPANY, Respondent.

(167 S. E. (2d) 617)

*Messrs. Pritchard, Myers & Morrison,* of Charleston, *for Appellant,*

*Messrs. Buist, Buist, Smythe & Smythe,* of Charleston, *for Respondent,*

May 15, 1969.

LEWIS, Justice.

Plaintiff-appellant owned two buildings located on King Street, in Charleston, South Carolina, which were insured against damage by fire under a policy of insurance issued by the defendant-respondent. Both buildings were damaged by fire on January 30, 1966 and, upon a denial of liability by defendant, this action was brought to recover for the loss sustained. The action was defended upon the ground that the insured buildings had been vacant or unoccupied for more than sixty days prior to the fire, thus suspending coverage in accordance with a policy provision which exempted the defendant from liability for loss occurring "while a described building, * * * is vacant or unoccupied beyond a period of sixty consecutive days." While the plaintiff denied that the buildings had been vacant or unoccupied, it took the position that, if such was a fact, defendant was estopped to avail itself of the foregoing policy provision or had waived its right to do so. By agreement, all issues were heard and determined by the trial judge, without a jury, resulting in the entry of judgment for the defendant, from which plaintiff has prosecuted this appeal.

It should be stated at the outset that present counsel for plaintiff did not try the matter in the lower court, and did not enter the case until after the exceptions had been filed and the record for appeal agreed upon. They have therefore

prosecuted the appeal upon the record prepared by previous counsel in the case.

The Statement in the Transcript of Record concedes in this appeal that the buildings were vacant or unoccupied within the meaning of the occupancy provision of the policy. Plaintiff seeks to preserve for review only the contentions that the defendant waived its right to rely upon the fact that the buildings were vacant or unoccupied or was estopped from doing so. Plaintiff attempts to reach the questions of waiver and estoppel under two exceptions. The first charges error in the findings of the trial court with reference to waiver and the second as to estoppel. These exceptions are as follows:

"1. That His Honor erred, as a matter of law, in finding that the Respondent had not waived or relinquished its rights under the policy by reason of the vacancy or unoccupancy of the buildings in question.

"2. That His Honor erred, as a matter of law, in finding that the omission of certain provisions of the original policy from the Memorandum of Insurance furnished to appellant did not estop respondent from asserting its alleged rights as provided in the original policy, which was not in the possession of appellant."

After setting forth certain preliminary facts, the Statement in the record contains the following: "These and other facts of the case are set out in some detail in the Order of Judge Ness, and *no appeal is taken from these factual findings.*" (Emphasis added). The factual findings of the trial judge are therefore unchallenged and binding on appeal.

Under the first exception, plaintiff contends that the defendant, as a matter of law, waived the provisions of the policy which suspended coverage while the buildings were "vacant or unoccupied beyond a period of sixty consecutive days."

The policy in question was issued on June 19, 1963 and was a renewal of a policy that had been first issued on June

19, 1958. The renewal policy was issued routinely showing the buildings as occupied, in accordance with the original policy. No inquiry was made of the insured in issuing the renewal, which was the customary practice where there were no special circumstances requiring that the insured be contacted.

One of the buildings became vacant about December 1964 and the other in November 1962. The buildings were damaged by fire on January 30, 1966. Therefore the first mentioned building became vacant sometime after the renewal policy was issued and the second was vacant at the time. The lower court found as a fact that the defendant had no knowledge of the vacancy of the building at the time the policy was issued.

In view of the unchallenged factual finding that defendant had no knowledge of the vacancy of the building at the time the policy was renewed, there is no basis upon which to hold that the occupancy provision was waived.

However, plaintiff takes the position that defendant waived the occupancy provision of the policy by failing to make inquiry as to whether the buildings were occupied. The effect of the occupancy provision was to exclude coverage while the buildings were vacant or unoccupied beyond a period of sixty consecutive days. Since defendant had no knowledge of the vacancy of the building at the time the policy was issued, it was under no duty to inquire as to conditions which might in the future exclude coverage.

The remaining contentions of plaintiff with reference to waiver relate to the propriety of the factual findings with regard to that issue. Such contentions will not be considered, not only because plaintiff disavows any challenge of the factual findings, but also because they require consideration of the trial evidence which is not included in the record. *Wilson v. American Casualty Co.,* S. C., 166 S. E., (2d) 797.

The second exception involves the issue of estoppel. It is conceded that the property involved was covered by a mortgage to Mrs. Natalie C. Pfaehler. At the time of the issuance of the policy of insurance, defendant sent the original to the mortgagee, with a document entitled "Memorandum of Insurance" to the plaintiff, the owner of the insured property. The original policy sent to the mortgagee contained the occupancy clause in question, but the "Memorandum of Insurance" sent to the plaintiff did not include such provision.

The memorandum of insurance contained the following notation: "This memorandum is for information only; it is not a contract of insurance but attests that a policy as numbered herein, and as it stands at the date of this certificate, has been issued by the company." It further states: "This certifies, that policy numbered as above has been issued."

Under the second exception, plaintiff contends that the failure of the defendant to include the occupancy provision in the memorandum of insurance furnished to him estops the defendants, as a matter of law, from relying upon such provision as a defense. The exception confines the issue to one of the legal effect of the omission of the occupancy provision from the memorandum delivered to plaintiff. This issue is precluded by the unchallenged factual findings of the trial judge that no prejudice resulted to plaintiff from anything in the memorandum.

The trial judge found as a fact that the general manager of plaintiff, who was the only employee of plaintiff involved in its insurance program, "did not read the Memorandum of Insurance that was delivered to him carefully, and did not rely on it" and "was not misled by the omission of the numbered lines (the occupancy provision) from the back of the form." As heretofore pointed out, the factual findings of the trial judge are not challenged in this appeal.

The essential elements of an equitable estoppel, as they relate to a person claiming the estoppel, were thus stated in *Frady v. Smith*, 247 S. C. 353, 147 S. E. (2d) 412:

"The burden of proof is upon the party who asserts an estoppel. *Davis v. Sellers,* 229 S. C. 81, 91 S. E. (2d) 885. * * * As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially."

Since the unchallenged factual findings in this case are that the plaintiff's general manager did not carfully read the Memorandum of Insurance, did not rely on it, and was not misled by the omission of the occupancy provision, plaintiff could not have been prejudiced by reason of anything in the memorandum.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.