**T. M. OIL COMPANY**

v.

**Lawrence D. BARNES and Aldona A. Barnes.**

Supreme Judicial Court of Maine.

June 20, 1979.

Wheeler, Pomeroy & Snitger by Kenneth E. Snitger (orally), Portland, for plaintiff.

Law Offices, Daniel G. Lilley by E. Paul Eggert (orally), Daniel G. Lilley, Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

This appeal taken by the Defendants, Lawrence D. Barnes and Aldona A. Barnes, arises out of a declaratory judgment action

commenced in Superior Court in Cumberland County on April 19, 1978 in which action the Plaintiff, T. M. Oil Company, sought to determine its rights under a lease agreement entered into in April, 1962, between its predecessor-in-interest, Sun Oil Company, and the Defendants. At issue is the Plaintiff's right to exercise an option granted under the lease agreement to purchase the service station which was the subject of that agreement. The result hinges upon a legal determination whether the lease had become operative despite the failure of Sun Oil Company to forward a letter of final acceptance of the premises to the Defendants as required by the lease agreement. By a judgment entered on October 24, 1978, the Superior Court held that the lease had become operative and that the option had been validly exercised.

We deny the appeal from that judgment.

The sparse record before us consists of the pleadings, the lease agreement, certain correspondence between the parties and Sun Oil Company and a brief stipulation of the facts [1] upon which the Superior Court was asked to decide the merits of the dispute. Upon such a meagre and entirely documentary record, this Court may fully review the conclusions of law and findings of fact of the trial court, being free to give its own interpretation to the printed record. *See Bickford v. Lantay,* Me., 394 A.2d 281, 283–84 (1978); *Northeast Investment Co. v. Leisure Living Communities, Inc.,* Me., 351 A.2d 845, 854 (1976); *see also Pappas v. Stacey,* 151 Me. 36, 116 A.2d 497 (1955).

The lease agreement provided in Paragraph 3(a) that it should "be in full force and effect from the date hereof for a period of fifteen years from the date that the building and improvements . . . are completed and accepted by Company in writing . . . .." In Paragraph 7(d) of this lease agreement Sun Oil Company was granted the option to purchase the premises for a fixed price "at any time after the expiration of the initial fifteen-year term" or "during any renewal." Following the Plaintiff's acquisition of Sun Oil Company's interest under this lease on March 1, 1977, the Plaintiff attempted to exercise this option on or about November 28, 1977. The Defendants refused to convey the premises,

---

1. In pertinent part that stipulation declares:

1. That on or about April 26, 1962 Sun Oil Company, a New Jersey Corporation, and the Defendants, Lawrence D. Barnes and Aldona A. Barnes, citizens of Falmouth, Maine, executed a lease agreement for the demise of property located on U.S. Route 1 in Falmouth, owned of record by the Defendants, Lawrence D. and Aldona A. Barnes. A copy of said lease agreement is attached hereto as Exhibit "A".

2. That during the period commencing on or about April 1962 and ending on or about November 1962 the Defendants, Lawrence D. and Aldona A. Barnes, caused improvements to be made to said property including the construction of a service station building with two bays, complete with bituminous driveway and approaches, and other improvements.

3. That on or about November 1, 1962 the tenant, Sun Oil Company, took possession of the premises, commenced paying rent, and forwarded to the Defendants a letter dated November 1, 1962, copy of which is attached hereto as Exhibit "B".

4. That on about November 7, 1962 the regional engineer for Sun Oil Company forwarded an interoffice memo to all departments of Sun Oil Company, a copy of which is attached hereto as Exhibit "C". Defend-

ants, Lawrence D. and Aldona A. Barnes, were not sent a copy of this letter or any other written notice from Sun Oil Company indicating final acceptance of buildings and improvements as required by paragraph 3(a) of the subject lease, a copy of which is attached hereto as Exhibit "A".

5. That Sun Oil Company retained possession of said property, made payments of $425.00 per month rent to the Defendants, and operated said property as a gasoline service station from November 1962 to on or about April 30, 1977.

6. That on or about March 1, 1977 the Sun Oil Company assigned all its rights, title and interest in the aforesaid lease to the Plaintiff, T–M Oil Company, of Lewiston, Maine.

7. That the Plaintiff, T–M Oil Company, has maintained possession, paid the Defendants, Lawrence D. and Aldona A. Barnes, rent in the sum of $425.00 per month, and has operated said property as a gasoline service station since on or about March 1, 1977.

8. That on or about November 28, 1977 the Plaintiff notified the Defendants that it desired to exercise the option to purchase said property referred to in paragraph 7(d) of the subject lease, a copy of said notice is attached hereto as Exhibit "D".

contending that Sun Oil Company had never accepted the premises in writing as required by the lease agreement, thus concluding that the agreement, including the option, had never become operative. Both in Superior Court and upon appeal here the Defendants urge that all that existed between Sun Oil Company and themselves was a tenancy at will which spanned fifteen years of operation at this service station.

A review of the record supports the Defendants' contention in one respect. It appears that Sun Oil Company never forwarded to the Defendants any written communication indicating its acceptance of the premises. Rather when it entered into occupancy in November, 1962, it expressly stated that that action should "not be deemed final acceptance of the station in accordance with the terms of our lease." Never was final acceptance in writing received by the Defendants. Furthermore, the record does not reveal that Sun Oil Company ever indicated its acceptance orally. Under these circumstances we are left with the question whether by their conduct Sun Oil Company and the Defendants indicated their waiver of the requirement of acceptance in writing.

From November, 1962, until March, 1977, Sun Oil Company paid rent in an amount fixed by the lease. The record contains no evidence that the Defendants, in an era of unforeseen inflation, ever requested a change in the rental fee specified by the lease. In March, 1977, Sun Oil Company assigned its rights under that lease to the Plaintiff. While the record provided by the parties affords a slim basis for resolution of the crucial factual issue of waiver of the requirement of final acceptance in writing by the Defendants and Sun Oil Company, we conclude that fifteen years' occupation without any change in the rent following the initial negotiation of this lease is suffi-

cient to show acceptance of the premises and a waiver by the parties of the requirement that acceptance be in writing. Absent any contrary indication in the record, this interpretation of the stipulated facts appears more probably correct than not.[2]

We are supported in this conclusion by a decision which was relied upon by the court below. In *Phillips Petroleum v. Taggart*, 271 Wis. 261, 73 N.W.2d 482 (1955) a lessee's conduct in remaining in possession and paying rent as specified in a lease for two and one-half years was "sufficient communication of acceptance" despite the absence of written acceptance as required by the lease. *See also Northland Assoc. v. F. W. Woolworth Co.*, 362 F.Supp. 75, 77 (N.D.Ill.1973).

An implied waiver requires the voluntary and knowing relinquishment of a right. *See Pino v. Maplewood Packing Co.*, Me., 375 A.2d 534, 538–39 (1977); *Interstate Indus. Uniform Rental Serv., Inc. v. Couri Pontiac, Inc., supra; Nichols v. Cities Serv. Oil Co.*, 171 F.Supp. 400, 409 (D.Md.1959). That the provision for written acceptance was known to Sun Oil Company and the Defendants was evidenced by the letter dated November 1, 1962. That the rights flowing from that provision were voluntarily relinquished is demonstrated by the parties' conduct over the course of the lease during which time they governed their actions by the terms fixed in the agreement.

The Plaintiff has vigorously urged upon this Court the applicability of the doctrines of estoppel and laches as alternative grounds for support of the judgment below. It cites *Phillips Petroleum Co. v. Taggart, supra*, at 488–89 in support of its position. It is unnecessary for us to reach these issues. In the case before us, the doctrine of waiver is sufficient to dispose of the appeal.

The entry, accordingly, is:

**2.** The result reached here in no way conflicts with that reached in *Sun Oil Co. v. Franklin Co.*, Me., 311 A.2d 269 (1973). In that decision the lease required final acceptance in writing as a necessary prerequisite to the effectiveness of a lease containing an option to purchase. In that case our Court neither held nor intimated that such a requirement could not be waived by the parties to the lease, either expressly or by conduct. Indeed, it has generally been held that waiver "may be inferred from the acts of the waiving party." *Interstate Indus. Uniform Rental Serv., Inc. v. Couri Pontiac, Inc.*, Me., 355 A.2d 913, 919 (1976).

Appeal denied.

Judgment affirmed.

POMEROY and DELAHANTY, JJ., did not sit.