Karl KRAUL et al.

v.

MAINE BONDING & CASUALTY CO.

Supreme Judicial Court of Maine.

Argued Nov. 13, 1991.
Decided Dec. 5, 1991.

Grover Alexander (orally), Gray, for plaintiffs.

Thomas F. Monaghan (orally), Monaghan, Leahy, Hochadel & Libby, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

WATHEN, Justice.

Plaintiffs Karl Kraul and his mother Sandra Bouthiet appeal from an adverse judgment entered on a motion for a directed verdict in the Superior Court (Cumberland County, *Wernick, A.R.J.*). Plaintiffs sought to impose liability on Maine Bonding & Casualty Co. for failing to defend and provide coverage to an insured. Plaintiffs argue that the court erred in allowing defendant to amend its answer to conform to the evidence, and in directing a verdict on plaintiffs' claims of implied contract and estoppel.[1] Upon review of the record, we conclude that the court did not err in allowing the amendment of defendant's answer or in granting a directed verdict for defendant. We affirm the judgment.

---

1. In an earlier opinion, we affirmed the Superior Court's denial of a proposed amendment to the complaint seeking to assert a claim of waiv-er. *Kraul v. Maine Bonding & Casualty Co.,* 559 A.2d 338 (Me.1989).

In 1978, plaintiff Karl Kraul was severely injured diving into a swimming pool. The pool had been sold and installed by Kasu Corporation, a firm that ceased doing business in 1977. Plaintiffs obtained a default judgment against Kasu that remains unsatisfied. While in business, Kasu was insured by defendant for comprehensive general liability, but the policy expired before the accident. Defendant declined to defend Kasu and plaintiffs instituted the present action after obtaining an assignment of Kasu's rights against defendant.

In 1970, Kasu obtained the policy through an independent insurance agent, Blake, Hall & Sprague, Inc.[2] Plaintiffs base their implied contract and estoppel claims on the premise that Kasu requested coverage for future accidents whenever they might occur if caused by Kasu's negligence within the policy period. They further contend that Kasu was led to believe by the insurance agent's response to its request and his representations upon delivery of the policy that such coverage was provided. It is undisputed that the policy itself did not cover the injury. After a jury trial, the court entered a directed verdict in favor of defendant.

### Amended answer.

■ In response to defendant's motion for a directed verdict at the close of all the evidence, plaintiffs claimed for the first time that defendant had, by its answer, admitted the existence of an implied contract.[3] Defendant moved to amend its pleadings to conform to the evidence. Finding no prejudice because the issue had been tried in full, the presiding justice allowed defendant to amend its answer. M.R.Civ.P. 15(b).

The record consistently reflects defendant's denial of liability on the basis of an implied contract. The entire trial consists of plaintiffs' attempt to establish the existence of an implied contract, and defendant's attempt to counter plaintiffs' assertions. Plaintiffs cannot rationally contend that they were surprised that the issue of implied contract was contested. *See Thomas v. Wilson,* 356 A.2d 737, 739 (Me.1976). The Superior Court did not err.

### Directed verdict.

■ The plaintiffs also challenge the court's decision to direct a verdict. On appeal, we consider the evidence in the light most favorable to the plaintiffs; the directed verdict is improper if any reasonable view of the evidence could sustain a verdict for plaintiffs. *See C.N. Brown v. Gillen,* 569 A.2d 1206, 1213 (Me.1990); *Baker v. Mid Maine Medical Center,* 499 A.2d 464, 466 (Me.1985).

■ At trial, plaintiffs attempted to impose liability on the insurer based on the misleading acts of the insurer's agent. Title 24–A, section 2422, subsection 2, provides:

> liability insurance and as a consequence of the conduct and relationship of the Kasu Corporation, Blake, Hall & Sprague, Inc., and Maine Bonding & Casualty Co. as insured, agent and carrier, respectively, an implied contract of insurance to provide the coverages sought by Kasu Corporation as set forth in Paragraph 52 arose between Kasu Corporation and Maine Bonding & Casualty Co.

Defendant denied the initial phrase of paragraph 16 alleging contractual obligations. Although defendant admitted paragraph 55, it had previously denied the allegations of paragraph 52, pertaining to Kasu's request for extended future coverage. Because of this inconsistency, we offer no opinion whether any amendment of the answer was necessary.

---

2. Kasu's primary action against Blake, Hall & Sprague for negligent failure to procure adequate coverage and for breach of contract was barred by the statute of limitations. *See Kasu Corp. v. Blake, Hall & Sprague, Inc.,* 582 A.2d 978 (Me.1990).

3. Defendants admitted paragraphs 16 and 55 of plaintiffs' complaint, which alleged:

   16. Notwithstanding the contractual obligations of the Defendant as set forth in Paragraph 14, the Defendant, without cause or justification, refused to defend the KASU CORPORATION in the aforesaid suit, and after Judgment thereon it refused to engage in a compromise settlement and satisfaction of the Judgment for the sum of the policy limits.

       \*   \*   \*   \*   \*   \*

   55. Notwithstanding the ultimate content of the aforesaid policy of comprehensive general

2. The authorized agent of an insurer shall be regarded as in the place of the insurer in all respects regarding any insurance effected by him. The insurer is bound by his knowledge of the risk and all matters connected therewith. Omissions and misdescriptions known to the agent shall be regarded as known to the insurer and waived by it as if noted in the policy.

In order to recover on the basis of implied contract under this provision, plaintiffs must show (1) the agent had the authority to bind the insurer and (2) the insurer would have accepted the risk had it received a proper request. *Utica Mutual Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 519 A.2d 185 (Me.1986). In the present case, the Superior Court held that no implied contract existed because the second prong of the *Utica* test had not been met: plaintiffs had not shown that the desired insurance would have been provided. The type of coverage sought by Kasu was not offered by defendant in 1970 when Kasu conferred with Blake, Hall & Sprague, Inc.; indeed, an expert witness testified that such coverage was not then available under any policy marketed in the United States. We agree that the evidence does not sustain a finding that the second prong of *Utica* was met, and the court properly directed a verdict for defendant on the implied contract count.

■ In order to recover under a theory of estoppel, plaintiffs must show: "(1) unreasonable conduct of the insurer which misleads the insured concerning the scope of his coverage and (2) justifiable reliance by the insured upon that conduct." *Allstate Ins. Co. v. Elwell*, 513 A.2d 269, 272 (Me.1986) (quoting *Roberts v. Maine Bonding & Casualty Co.*, 404 A.2d 238, 241 (Me.1979)). The conduct relied on must have induced Kasu "to do what resulted to

[its] detriment and what [it] would not otherwise have done." *Id.* (quoting *Roberts*, 404 A.2d at 241). The court found no basis for estoppel because the evidence showed no misrepresentation[4] by the agent as to the existence of "discontinued operations" coverage[5] in 1978. Even if we assume unreasonable conduct on the part of the agent, the record will not support a finding of justifiable reliance. The language contained on the face of the policy delivered to Kasu unambiguously limits coverage to bodily injury occurring during the policy period. Moreover, Kasu's president testified that, had he been promptly informed, he did not know whether he would have purchased discontinued operations coverage when Kasu ceased doing business. The "scintilla" of evidence offered by plaintiffs to show justifiable reliance by Kasu is insufficient to support a claim of estoppel against defendant. *See Gulesian v. Northeast Bank of Lincoln*, 447 A.2d 814, 816 (Me.1982). The court therefore properly directed a verdict for defendant.

The entry is:

Judgment affirmed.

All concurring.

---

4. We note that estoppel requires unreasonable conduct rather than an affirmative misrepresentation. The alleged unreasonable conduct in this case consisted of the agent nodding and taking notes when Kasu requested coverage (including workers' compensation, automobile collision, and comprehensive liability), and delivering the policy with the general assurance that Kasu was covered.

5. In 1970, Kasu purchased "completed operations" coverage, protecting against bodily injuries sustained during the policy period after the completion of operations. "Discontinued operations" coverage would have protected Kasu in this case, but could only have been purchased at the time Kasu ceased business in 1977.