Scott KOREN

v.

**SECRETARY OF STATE, MOTOR VEHICLE DIVISION.**

Supreme Judicial Court of Maine.

Argued April 27, 1990.

Decided May 24, 1990.

Kevin G. Libby (orally), Monaghan, Leahy, Hochadel & Libby, Portland, for plaintiff.

Donald W. Macomber (orally), James P. Howaniec, Asst. Attys. Gen., Augusta, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY * and COLLINS, JJ.

GLASSMAN, Justice.

The Secretary of State, Motor Vehicle Division (Secretary), appeals the judgment of the Superior Court (Cumberland County, *Alexander, J.*) reversing the decision of a hearing examiner to uphold the administrative suspension of Scott Koren's drivers license. The Secretary suspended Koren's license pursuant to 29 M.R.S.A. § 2241–G(2)(B) (Supp.1989) for operating a

---

* Hornby, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

motor vehicle with more than 0.02% blood-alcohol content while under the age of twenty-one. We reject Koren's contention that the State is estopped from suspending his license and accordingly vacate the judgment of the Superior Court.

The record discloses the following. In the early morning hours of August 8, 1988, Officer Edward Blais of the Gorham police responded to a call that a disturbance was in progress at a fraternity house near the Gorham campus of the University of Southern Maine. When he arrived, he observed approximately forty people shouting and brawling in the street in front of the fraternity. Blais began ordering people, including Koren and his friends, to leave the scene. The record reflects that at the time Koren was about eight feet from Blais, and the officer was unable to detect whether Koren was under the influence of intoxicants and made no such determination. Koren and his friends left the area in a tan Escort driven by Koren.

Blais continued to deal with the crowd and upon investigation discovered that the disturbance began when Koren and his friends attempted to join a party at the fraternity house. Blais then radioed Officer Flood of the Westbrook police to be on the lookout for the tan Escort and note its plate number. While Officer Flood was en route to Gorham, Officer Blais observed several of the individuals who had left in the tan Escort returning to the scene on foot. Blais then radioed Officer Flood that the Escort must still be in the vicinity and that its occupants had instigated the disturbance.

Officer Flood received this call while driving on Main Street in Gorham. As he passed Elm Street, he observed a tan Escort being driven to the curb. Upon investigation, he discovered that the car contained one occupant who identified himself as Scott Koren with a birthdate of July 31, 1969. Flood observed that there were beer cans in the car and that Koren appeared intoxicated and smelled of beer. Flood radioed Blais who joined him at the scene. After Flood informed him of his observations, Blais had Koren sit on the front seat

of the police car. During that time, Blais noticed a strong odor of alcohol coming from Koren. Blais placed Koren under arrest and transported him to the Cumberland County jail where Koren took a blood test that resulted in a reported blood-alcohol level of 0.14%.

Pursuant to 29 M.R.S.A. § 2241–G(2)(B) (Supp.1989) Koren's license was administratively suspended for at least one year, effective September 1, 1988, for driving a motor vehicle with more than 0.02% blood-alcohol content while under the age of twenty-one. The suspension was stayed when Koren requested an administrative hearing before the Secretary of State pursuant to section 2241–G(2)(J). At the hearing, the examiner limited his consideration to the statutory elements involved in Koren's suspension, noting that he lacked jurisdiction to make findings of fact concerning any other issues. He did so in response to Koren's request that he consider improprieties allegedly committed by the arresting officer. The hearing examiner upheld Koren's suspension, basing his decision on appropriately circumscribed findings of fact.

■ Koren appealed to the Superior Court pursuant to 29 M.R.S.A. § 2242 (Supp.1989) and M.R.Civ.P. 80C. He argued that the State should be equitably estopped from suspending his license because he "was clearly ordered [by Officer Blais] to vacate the scene under penalty of arrest." After a hearing, the court determined that Koren had operated the car pursuant to the direct order of a police officer and the State was accordingly estopped from suspending Koren's license. From a judgment vacating the decision of the hearing examiner and ordering the restoration of Koren's license, the Secretary appeals.

We note that Koren failed to move pursuant to M.R.Civ.P. 80C(e) that the Superior Court take any additional evidence. Before the Superior Court, Koren relied upon and is now bound by the record before the hearing examiner. The scope of such administrative hearings is limited to determining by a preponderance of the evidence

whether (a) there was probable cause to believe that the person had not attained his twenty-first birthday and that the person was operating or attempting to operate a motor vehicle while having 0.02% or more by weight of alcohol in his blood; (b) the person operated or attempted to operate a motor vehicle; (c) at such time the person had 0.02% or more by weight of alcohol in his blood; and (d) at such time the person had not attained his twenty-first birthday. 29 M.R.S.A. § 2241–G(2)(K)(2) (Supp.1989). The hearing examiner properly limited his findings of fact to those necessary to establish the four statutory elements required for an administrative suspension. Accordingly, these findings are not directly relevant to an estoppel inquiry. We independently review the same record that was available to the Superior Court to determine if that court properly held that the State was estopped from suspending Koren's license.

■■■ As we have stated previously, the doctrine of equitable estoppel "bars the assertion of the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue." *Anderson v. Commissioner Dep't of Human Servs.*, 489 A.2d 1094, 1099 (Me.1985). The party asserting estoppel has "the burden to demonstrate that he justifiably relied upon affirmative misleading conduct of [the governmental representative] and was induced to his detriment to do an act that he would not otherwise have done." *Mathieu v. Commissioner of Human Servs.*, 562 A.2d 686, 689 (Me. 1989); *Roberts v. Maine Bonding & Casualty Co.*, 404 A.2d 238, 241 (Me.1979).

To prevail on an estoppel argument, Koren must demonstrate first that he justifiably relied on affirmative misleading conduct by Officer Blais and, second, was induced to his detriment to do an act that he would not otherwise have done. *Mathieu v. Commissioner of Human Servs.*, 562 A.2d at 689. With regard to the first element, the record reveals no evidence of affirmative misleading conduct by Officer Blais. While there is some ambiguity as to whether Blais ordered Koren *to drive* as opposed merely to leave the scene, there is no evidence that at their first meeting in front of the fraternity house Blais knew, or reasonably should have known, Koren was intoxicated. The record reflects only that Blais was attempting to quell a large disturbance by ordering the participants to disperse. With regard to the second element, the record is devoid of any evidence that Koren would not have driven the Escort from the area but for the conduct of Officer Blais.

The entry is:

Judgment vacated.

Remanded to the Superior Court for entry of judgment affirming the decision of the hearing examiner.

All concurring.